UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80393-CIV-MARRA

ASSOCIATED INDUSTRIES INSURANCE
COMPANY, INC.,

       Plaintiff,

vs.

ADVANCED MANAGEMENT SERVICES,
INC., a foreign corporation; ADVANCED
MANAGEMENT SERVICES II, INC., a
foreign corporation; ADVANCED
MANAGEMENT PAYROLL SERVICES, INC.,
a foreign corporation; WALTER SHEAHAN,
JR., an individual; and ROBERT SCHWARTZ,
an individual,

       Defendants.

_____/

## OPINION AND ORDER

THIS MATTER is before the Court on Motion of Defendants Walter Sheahan, Jr.

& Robert Schwartz to Dismiss Plaintiff's Amended Complaint for Lack of Personal

Jurisdiction & Failure to State a Cause of Action & for More Definite Statement [DE

19].  The Court has carefully considered the motion, response, reply, accompanying

affidavits and is otherwise fully advised in the premises.

### Introduction

Plaintiff, Associated Industries Insurance Company, Inc. ("Plaintiff" or

"Associated Industries"), filed this action against Advanced Management Services,

Inc. ("AMS I"), Advanced Management Services, Inc. II ("AMS II), and Advanced

Management Payroll Services, Inc. ("AMPS") (collectively "Defendant Entities") for breach of contract, indemnification under Florida Statutes § 440.381, and unjust enrichment; against Walter Sheahan, Jr. ("Sheahan") for breach of contract (via piercing the corporate veil), indemnification under Florida Statutes § 440.381, fraud in the inducement, negligent misrepresentation, conspiracy to commit fraud in the inducement, and unjust enrichment; and against Robert Schwartz ("Schwartz") (with Sheahan, "Individual Defendants") for fraud in the inducement, negligent misrepresentation, conspiracy to commit fraud in the inducement, and unjust enrichment.

The Plaintiff provided Florida workers' compensation insurance coverage for the Defendant Entities based upon applications and representations made by the Individual Defendants.  Plaintiff filed this action for unpaid premiums with respect to two workers' compensation insurance policies and for indemnification with respect to unidentified claimants who allegedly received workers' compensation benefits under the policies, but who allegedly were not entitled to receive such benefits.

Individual Defendants argue Plaintiff has failed to allege personal jurisdiction over them.  Alternatively Individual Defendants move for a more definite statement, argue Plaintiff has failed to state a claim because of reliance "upon information and belief," argue Plaintiff has failed to state adequate allegations to pierce the corporate veil, seek to strike Plaintiff's punitive damages claims, and move to dismiss Counts VI-VIII for not stating with appropriate particularity allegations of fraud.

Standard of Review

For purposes of deciding a motion to dismiss, the Court accepts the allegations of the complaint as true and views the facts in the light most favorable to it. *See, e.g., Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). A plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981)).

Where, as here, the Court exercises its discretion not to hold an evidentiary hearing,[1] a plaintiff seeking the exercise of personal jurisdiction over a nonresident

---

[1] An evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary but not mandatory. *See, e.g., Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Bracewell v. Nicholson Air Servs., Inc.*, 748 F.2d 1499, 1504 (11th Cir. 1984).

defendant bears the initial burden of pleading enough facts to make out a *prima facie* case for personal jurisdiction. *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *Polski Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986). A *prima facie* case requires enough evidence to withstand a motion for directed verdict. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *see also Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). Once this is done, the burden then shifts to the nonresident defendant to challenge the plaintiff's allegations by affidavits, documentary evidence, or testimony. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). If the defendant does so, the burden shifts back to the plaintiff to prove personal jurisdiction by affidavits, documentary evidence, or testimony. *Id.*; *see also, Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000); *Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). Where the plaintiff's evidence and defendant's evidence conflict, all reasonable inferences must be construed in favor of the plaintiff. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *Molina v. Merritt & Furman,* 207 F.3d 1351, 1356 (11th Cir. 2000); *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

The parties have submitted evidentiary materials in support of their respective positions. While the consideration of such materials ordinarily would convert a motion to dismiss into one for summary judgment, *see* Fed. R. Civ. P. 12(b), in the

context of personal jurisdiction, the motion remains one to dismiss even if evidence outside the pleadings is considered. *Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d 1499, 1501 n.1 (11th Cir. 1984).

### Discussion

1.    **Personal Jurisdiction**

The Court must conduct a two-prong inquiry to determine whether Schwartz and Sheahan, nonresident defendants, are subject to jurisdiction in Florida.  First, the court must "determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005); *Robinson v. Fiarmarco & Bill*, P.C., 74 F.3d 253 (11th Cir. 1996); *see also* Fla. Stat. § 48.193(1).  Second, the court must "examine whether the exercise of personal jurisdiction over Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that they have minimum contacts with the forum state and that the exercise of jurisdiction over them does not offend 'traditional notions of fair play and substantial justice.'" *Mut. Serv. Ins. Co. v. Frit Indus.*, 358 F.3d 1312, 1319 (11th Cir. 2004) (internal quotations omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant. *See Robinson*, 74 F.3d at 256.

**The Individual Defendants**

    A.    Long-Arm Statute

Among other provisions, the Florida long-arm statute permits the state's courts to exercise jurisdiction over nonresident defendants who commit certain specific acts. Fla. Stat. § 48.193. For example, § (1)(b) of the statute permits a Florida court to assert jurisdiction over any person who "commit[s] a tortious act within this state." Fla. Stat. § 48.193(1)(b).[2] Indeed § 48.193(1)(f) of the Florida long-arm statute even permits personal jurisdiction over a nonresident defendant alleged to have committed a tort *outside* of the state when that tort causes injury *inside* the state. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir. 1999); *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 921 (11th Cir. 1989). Plaintiff asserts that specific personal jurisdiction[3] over the Individual Defendants is established under this section of the Florida statute.

Both Individual Defendants are alleged to have had multiple contacts directed at Florida and Plaintiff, which are related to Plaintiff's causes of action. Plaintiff's

---

    [2] "Because the construction and application of the Florida long-arm statute is a question of Florida law, [federal courts] are required to construe the long-arm provisions as would the Florida Supreme Court." *Horizon Aggressive Growth*, 421 F.3d at 1166-67.

    [3] Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum. *See McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005). This contrasts with general jurisdiction, which refers to the power of a court in the forum to adjudicate any cause of action involving a particular defendant, irrespective of where the cause of action arose. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.15 (1985); *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002).

allegations, the supporting affidavits, and exhibits show that both Schwartz and

Sheahan repeatedly made material misrepresentations or omissions in applications

and other documents over a number of years, upon which Plaintiff relied and was

damaged in Florida.

Plaintiff alleges that the Individual Defendants engaged in a business venture

in Florida and fraudulently induced Plaintiff to issue and provide workers'

compensation benefits for the Defendant Entities and claimants in Florida.  DE 17, ¶

40.  In Paragraphs 177 through 212 ("Liability of the Individual Defendants"), Plaintiff

makes factual allegations regarding various misrepresentations made by both Sheahan

and Schwartz.  For instance, Plaintiff alleges that Individual Defendants

misrepresented what authority they had or what position they held at the Defendant

Entities, and that they purposely lied about what the Defendant Entities did or did

not do.  Of significance, Plaintiff claims that Individual Defendants falsely

misrepresented that the Defendant Entities did not employ subcontractors or

independent contractors.  DE 17, ¶ 183.  Plaintiff further alleges that it relied upon

the false statements, material misrepresentations and material omissions to its

detriment, resulting in damages that include the outstanding premium debts and the

benefits paid to or on behalf of claimants who were not reported to the Florida

Department of Revenue as employees.

In opposition to the Individual Defendants' Motion to Dismiss for lack of

personal jurisdiction, Plaintiff submitted the Affidavit of Elissa Pacheco, President of

the Plaintiff entity in Florida.  Ms. Pacheco avers that both Individual Defendants

repeatedly and continuously directed sworn, material misrepresentations to Plaintiff

in Florida to request and obtain workers' compensation insurance in this state.  Both

Individual Defendants signed applications and other documents, attached as exhibits

to the Amended Complaint, which state facts that Defendants now, in opposition to

this Court's exercise of personal jurisdiction, aver are not true.  For instance,

documents attached to the Complaint and signed by the Individual Defendants show

the principal location of the Defendant Entities is in West Palm Beach, Florida.  Yet

Defendant Sheahan avers in his affidavit that the Defendant Entities' principal place

of business was never in Florida.  DE 19-1.  Another example is that Defendant

Schwartz represented himself as an officer of the Defendant Entities in the first two

applications and other documents submitted to Plaintiff.  However, in his Affidavit to

this Court dated April 19, 2012, in an attempt to avoid personal jurisdiction, Schwartz

avers he has "never served as an officer, director, employee or agent" of any of the

Defendant Entities.  Schwartz Affidavit, dated April 19, 2012, ¶¶ 2-4.

Here we have conflicting evidence, all executed by the Individual Defendants.

As stated earlier, where the plaintiff's evidence and defendant's evidence conflict, all

reasonable inferences must be construed in favor of the plaintiff.  *Stubbs v.*

*Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir.

2006); *Molina v. Merritt & Furman,* 207 F.3d 1351, 1356 (11th Cir. 2000); *Morris v.*

*SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).  Therefore, because it is alleged that

the Individual Defendants fraudulently applied for worker's compensation in Florida

for a business whose principal place of business is in Florida and caused injury to a

Florida corporation, Plaintiff's First Amended Complaint sufficiently alleges that the

Individual Defendants committed torts in this state so as to establish personal

jurisdiction over them pursuant to the Florida long-arm statute.  Fla. Stat. §

48.193(1)(b).

      B.    Due Process

          i.    Minimum Contacts

Next, the court must "examine whether the exercise of personal jurisdiction

over Defendants would violate the Due Process Clause of the Fourteenth Amendment

to the United States Constitution, which requires that they have minimum contacts

with the forum state and that the exercise of jurisdiction over them does not offend

'traditional notions of fair play and substantial justice.'"  *Mutual Serv. Ins. Co. v. Frit

Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004) (internal quotations omitted)

(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Minimum contacts

to satisfy due process are sufficient where the contacts are related to Plaintiff's

cause of action, where the contacts involve some act by which a defendant

purposefully avails itself of the privilege of conducting activities in the forum, and

the contacts are such that a defendant would reasonably anticipate being haled into

court in the forum state.  *Zurich Am. Ins. Co. v. Renasant Ins. Co., Inc.*, 10-CV-1769,

2011 WL 722972 (M.D. Fla. Feb. 23, 2011).  Here, the Individual Defendants' contact

with Florida is related to this litigation, and the Individual Defendants purposefully availed themselves of conducting activities in Florida by applying for workers' compensation insurance with Plaintiff with the intent that Plaintiff would rely on their representations.  By virtue of these activities, it cannot be said Schwartz or Sheahan would reasonably not anticipate being haled into court in Florida. The Individual Defendants have had sufficient minimum contacts with the state of Florida for the purpose of meeting the Due Process requirement.

ii.     Fair Play and Substantial Justice

Relevant factors to be considered include: (1) the burden on defendant; (2) the forum state's interest; (3) plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in the efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).  The Court finds the exercise of personal jurisdiction over Schwartz and Sheahan to be reasonable.  A Florida corporation allegedly sustained a loss due to the breach of a contract for workers' compensation insurance, for which Plaintiff, a Florida corporation authorized to do business in Florida, now seeks recovery.  The state of Florida has a substantial interest in providing a means of recovery for its corporate citizens who sustain damages due to reliance on out-of-forum defendants.  Plaintiff has an interest in obtaining convenient and effective relief, as the judicial system has an interest in efficiently

resolving this controversy.  While this case will undoubtedly burden Individual

Defendants to a degree, the burden is not unreasonable or unmanageable based on

the facts and circumstances.  After consideration, the Motion to Dismiss for lack of

personal jurisdiction is denied.

2.    **Motion for More Definite Statement**

 Plaintiff's Amended Complaint contains 367 numbered paragraphs.  The

Individual Defendants' motion for a more definite statement is directed at the fact

that the first 212 paragraphs of the complaint are incorporated into each of the nine

individual counts raised thereafter.  Individual Defendants argue this renders the

Amended Complaint "shotgun," and so confusing that it impossible to know which

allegations are intended to support which claims for relief.  The Court rejects this

contention.

 Federal Rule of Civil Procedure 12(e) provides in relevant part that: "If a

pleading to which a responsive pleading is permitted is so vague or ambiguous that a

party cannot reasonably be required to frame a responsive pleading, he may move for

a more definite statement before interposing his responsive pleading."  The propriety

of granting such a motion lies completely within the sound discretion of the trial

court.  *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959).  Exercise of

that discretion here leads to the conclusion that Plaintiff's Amended Complaint is not

so vague and ambiguous as to fall within the purview of Rule 12(e).

The Court finds the Amended Complaint relatively clear in light of the background of the case, which the Court notes, was allegedly created by the Defendants' alleged misconduct.  According to the Amended Complaint, the two Individual Defendants failed to follow corporate formalities and engaged in self-dealing and made material misrepresentations when they contracted to insure Defendant Entities.  Plaintiff has made detailed allegations regarding the specific misrepresentations, which are then affirmatively stated in the separate counts.  The allegations in the Amended Complaint support Plaintiff's causes of action, are no more confusing than seems necessary given the alleged misconduct of Schwartz and Sheahan, and the Complaint is not "shot gun," a style of complaint with which this Court is entirely familiar.  A more definite statement is not necessary to frame a responsive pleading.

3.    **Failure to State a Claim**

    A.    The Use of "Upon Information and Belief"

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff is required to provide factual allegations that raise a right of relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").  To resolve a motion to dismiss, the district court "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)("*Iqbal*").  Then, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id*.

Individual Defendants assert multiple examples of where the instant Complaint fails to state a claim. The first and most egregious example, according to Individual Defendants, is Plaintiff's excessive use of the phrase, "upon information and belief." Individual Defendants assert that because Plaintiff employs the phrase "upon information and belief" in more than 80 paragraphs of the Amended Complaint, all 80 paragraphs are rendered valueless or faulty. This is so, claiming Individual Defendants, because none of the assertions made upon information and belief are alleged to be uniquely within the Individual Defendants' possession and control. *See Belik v. Carlson Travel Group, Inc.*, 864 F. Supp. 2d 1302, 1306 (S.D. Fla. 2011).

The *Twombly* plausibility standard, however, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief'" where the belief is based on factual information that makes the inference of culpability plausible. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") The *Twombly* Court stated that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." 550 U.S. at 556. The Court will not dismiss the Complaint because of the consistent use of the term "upon information and belief."

B.      Piercing the Corporate Veil - Count IV

In Count IV Plaintiff seeks to hold Sheahan personally liable for alleged breaches of the 2008-2009 and 2009-2010 insurance policies.  Plaintiff alleges that Sheahan claims to be the sole owner of the Defendant Entities; that Sheahan became the employer when the 2008/2009 policy was issued covering the already dissolved entity of AMS II; the Defendant Entities were alter egos of one another, thereby "in effect" making Sheahan an employer; that Sheahan personally benefitted from the insurance contracts by manipulating and/or misusing the Defendant Entities to evade the premiums and other obligations owed in Florida, and from other improper conduct.  Compl. ¶¶ 280-284.  According to the Complaint, the corporate veil should be pierced because Sheahan dominated and controlled the Defendant Entities, the Defendant Entities were mere instrumentalities of Sheahan, and Sheahan engaged in improper, fraudulent, and/or grossly negligent conduct in the formation and/or use of the Defendant Entities.  Compl. ¶¶ 292-94.

Sheahan argues that Plaintiff's allegations are nothing but threadbare recitations of the requirements for piercing the corporate veil, and as such must be disregarded.  *Twombly*, 550 U.S. at 555.  "Plaintiff fails to allege any facts establishing the Defendant Entities were mere instrumentalities or alter egos of Sheahan."  DE 19 at 16.  Sheahan argues that the allegation that he has been the sole owner of the Defendant Entities is insufficient to establish the mere instrumentality or alter ego requirement.  This is a correct statement inappropriately applied.

Plaintiff states much more than that the allegation that Sheahan claims to be a sole owner.  Plaintiff also alleges the Defendant Entities are a mere instrumentality or alter ego of Sheahan and that Sheahan engaged in extensive improper conduct. *Dania Jai-Alai*, 450 So.2d at 1120-21.

The issue here is not whether Plaintiff may ultimately prevail on the "piercing the corporate veil" theory, but whether the allegations are sufficient to allow it to conduct discovery in an attempt to prove its allegations.  *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).  "Allegations of mere instrumentality and improper conduct clearly state a cause of action." *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1117 (Fla. 1984).  Here, the Amended Complaint is replete with allegations of fraud and self-dealing.  At this stage, Plaintiff has made sufficient factual allegations to provide notice of the claim to Defendant Sheahan.  While discovery may not bear out sufficient evidence to support a claim on the merits for piercing the corporate veil at the dispositive motion stage or at trial, the factual allegations of Plaintiff's complaint, which the court accepts as true for purposes of the motion to dismiss, are sufficient to state a claim and to allow discovery on the application of piercing the corporate veil doctrine.

C.     Punitive Damages - Count IV

Sheahan also seeks to strike Plaintiff's punitive damages claim in Count IV asserting punitive damages are not recoverable for breach of contract.  Contract law principles instruct that compensatory damages and injunctions are the only

traditional forms of relief available in suits for breach of contract.  *Barnes v. Gorman*, 536 U.S. 181, 186-87 (2002).  *See* Restatement (Second) of Contracts § 357, at 163 (Availability of Specific Performance and Injunction); 3 Williston on Contracts § 1445-1450 (1920).  "[P]unitive damages, unlike compensatory damages and injunction, are generally not available for breach of contract."  *Barnes*, 536 U.S. at 187-88 (citing Restatement (Second) of Contracts §§ 355, 357 (1981) and various treatises on contract law and damages).

Plaintiff does not address this argument in its response, and thus, the Court concludes that it has conceded the merits of the motion to dismiss on this point. *Double AA Int'l Inv. Group, Inc. v. Swire Pac. Holdings, Inc.*, 674 F. Supp. 2d 1344, 1359 n.9 (S.D. Fla. 2009); *Moatamedi v. Beckman Coulter, Inc.*, 08-CV-22430, 2009 WL 1490573, *5 (S.D.  Fla.  May 27, 2009); *In re Air Crash on December 20, 1995 Near Cali, Colombia*, 96-MD-1125, 1998 WL 1770589, *3 (S.D. Fla. Oct. 8, 1998).  Given this concession and that the law of contracts does not provide for recovery of punitive damages based on breach of contracts, the Court will grant the motion to strike Plaintiff's claim for punitive damages in Count IV.

D.     Piercing the Corporate Veil - Count V

In Count V Plaintiff alleges the corporate veil should be pierced to hold Defendant Sheahan personally liable for indemnification under § 440.381, Fla. Stat.,[4]

---

[4] Fla. Stat. Ann. § 440.381(7) provides that "[i]f an employee suffering a compensable injury was not reported as earning wages on the last quarterly earnings report filed with the Department of Economic Opportunity or the state agency providing

based on the same allegations pled in Count IV.  Compl. ¶¶ 305-09.  Here Plaintiff
attempts to pierce the corporate veil and hold Sheahan liable under this statute as an
employer.  Sheahan asserts that Plaintiff does not allege Sheahan was an employer
and that these allegations are invalid and insufficient for the same reasons the
allegations stated in Count IV fail.  As noted above, Plaintiff specifically alleges
Defendant Sheahan was an employer.  *See* Compl. ¶¶ 280 & 281.  Accordingly, this
argument is rejected for the same reasons stated above in relation to Count IV.

     E.    Punitive Damages - Count V

    Individual Defendants also seek to strike Plaintiff's punitive damages claim in
Count V.  "Punitive damages are generally available for willful or intentional
violations of a common law or statutory duty, and their purpose is to punish and deter
the wrongdoer rather than to compensate the aggrieved party.  Therefore, punitive
damages would be out of place in a statutory provision aimed at making the plaintiff
whole."  *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000).  As

---

reemployment assistance tax collection services under contract with the Department of
Economic Opportunity through an interagency agreement pursuant to § 443.1316 before
the accident, the employer shall indemnify the carrier for all workers' compensation
benefits paid to or on behalf of the employee unless the employer establishes that the
employee was hired after the filing of the quarterly report, in which case the employer
and employee shall attest to the fact that the employee was employed by the employer
at the time of the injury. Failure of the employer to indemnify the insurer within 21 days
after demand by the insurer is grounds for the insurer to immediately cancel coverage.
Any action for indemnification brought by the carrier is cognizable in the circuit court
having jurisdiction where the employer or carrier resides or transacts business. The
insurer is entitled to a reasonable attorney's fee if it recovers any portion of the benefits
paid in the action.

concluded above, since Plaintiff deliberately decided not respond to this argument, the Court assumes concession and will strike Plaintiff's punitive damages claim in this indemnification count.

      F.     Fraud - Counts VI-VIII

Count VI is an action against the Individual Defendants for fraud in the inducement.  Count VII is an action for conspiracy to commit such fraud, and Count VIII is a negligent misrepresentation[5] action parallel to Count VI.

**Federal Rule of Civil Procedure Rule 9(b)**

Individual Defendants argue that Counts VI-VIII should be dismissed because they do not comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  Specifically, Individual Defendants argue that the Plaintiff's allegations regarding fraud have not been stated with the appropriate particularity in that Plaintiff does not identify precise statements, the time and place each alleged statement was made or the content of each such statement, fails to identify how each such statement misled Plaintiff, and does not identify who allegedly made the statements.

---

[5] In Florida, an "action for negligent misrepresentation sounds in fraud rather than negligence." *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1511 (11th Cir. 1993) (citations omitted). Hence, Rule 9(b)'s pleading requirements apply to actions involving claims for negligent misrepresentation.  *See Harrison Enterprises, Inc. v. Moran*, No. 97-4362, 1999 WL 1211753, at *3 (S.D. Fla. Aug. 30, 1999); *Morgan v. W.R. Grace & Co.*, 779 So.2d 503, 506 (Fla. Dist. Ct. App.2000) (negligent misrepresentation, like fraud, must also be pled with specificity); *Johnson v. Amerus Life Ins. Co.*, 05-61363-CIV, 2006 WL 3826774 (S.D. Fla. Dec. 27, 2006).

Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)") provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) *quoting Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted).  This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendant's gain due to the alleged fraud.  *See id.* quoting *Brooks*, 116 F.3d at 1371.  That stated, the Court must not allow the application of Rule 9(b) to vitiate the overall concept of notice pleading.  *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

Plaintiff does not address this argument in its response, therefore, it is reasonable to assume this argument is conceded.  While it seems clear Plaintiff intends to allege the Individual Defendants acted with intent to defraud Plaintiff by making material misrepresentations in their applications for workers' compensation insurance, the sort of specificity required by Rule 9(b) is absent.  No specific acts are alleged within Counts VI-VIII.  The specific acts alleged in the general allegations

(paragraphs 1-212) which are realleged through incorporation and which detail

specific documents and satisfy some of Rule 9(b)'s specificity requirements, are

inadequate because, for one thing, they are based upon information and belief (and

are not alleged to be peculiarly within the defendant's knowledge or control).  *See,*

*e.g., Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310-11 (11th Cir. 2002);

*Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.*,

755 F. Supp. 1040, 1052 (S.D. Ga. 1990) ("pleadings [alleging fraud] generally cannot

be based on information and belief"); *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997,

1003 (2d Cir.), *cert. denied,* 488 U.S. 852 (1988).  Accordingly, Counts VI-VIII are

dismissed without prejudice.

      G.    Punitive Damages - Count IX

Plaintiff has requested punitive damages in Count IX, which asserts unjust

enrichment against all defendants.  "An action for 'unjust enrichment' exists to

prevent the wrongful retention of a benefit, or the retention of money or property of

another, in violation of good conscience and fundamental principles of justice or

equity." *Golden v. Woodward*, 15 So. 3d 664, 670 (Fla. Dist. Ct. App. 2009) quoting

*Henry M. Butler, Inc. v. Trizec Prop., Inc.*, 524 So.2d 710, 711 (Fla. Dist. Ct. App.

1988).  The misconduct required to support a claim of punitive damages is the same

conduct that is necessary to sustain a conviction for criminal manslaughter.  *White*

*Constr. Co. v. Dupont*, 455 So.2d 1026, 1028 (Fla.1984) (quoting *Carraway v. Revell*,

116 So.2d 16, 22 (Fla.1959)); *In re Leli*, 420 B.R. 568, 571 (Bankr. M.D. Fla. 2009).

The Court agrees with Individual Defendants that Count IX fails to set forth sufficient factual allegations to sustain a prayer for punitive damages.  Accordingly, Plaintiff's request for punitive damages in Count IX is stricken.  *Hoppe v. Hoppe*, 370 So. 2d 374, 376 (Fla. Dist. Ct. App. 1978).

4.  **Conclusion**

In accordance with the findings above, it is hereby

ORDERED AND ADJUDGED that the Motion of Defendants Walter Sheahan, Jr. & Robert Schwartz to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction & Failure to State a Cause of Action & for More Definite Statement [DE 19] is granted in part and denied in part, without prejudice.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires."  Therefore, in accordance with the usual practice upon granting a motion to dismiss, leave to replead the complaint will be permitted.  Therefore, Plaintiff may, if it wishes, file a Second Amended Complaint on or before April 5, 2013, in an attempt to plead fraud in Counts VI-VIII with the specificity required under Rule 9(b).  Failure to file a Second Amended Complaint by April 5, 2013, will signify to the Court and defendants that Plaintiff will proceed on

the Amended Complaint without Counts VI-VIII.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 19th day of March, 2013.

_____
KENNETH A. MARRA
United States District Judge