UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80393-CIV-MARRA

ASSOCIATED INDUSTRIES INSURANCE
COMPANY, INC.,

    Plaintiff,
vs.

ADVANCED MANAGEMENT SERVICES,
INC., a foreign corporation; ADVANCED
MANAGEMENT SERVICES II, INC., a
foreign corporation; ADVANCED
MANAGEMENT PAYROLL SERVICES, INC.,
a foreign corporation; WALTER SHEAHAN,
JR., an individual; and ROBERT SCHWARTZ,
an individual,

    Defendants.
_____/

**OPINION AND ORDER**

THIS MATTER is before the Court on Motion of Defendants AMS I, AMS II & AMPS to Dismiss Plaintiff's Amended Complaint for Failure to State a Cause of Action & for More Definite Statement [DE 18] and Defendants' Request for Oral Argument With Respect to Their Motions to Dismiss [DE 31].  The Court has carefully considered the motions, response, reply, and is otherwise fully advised in the premises.

**Introduction**

Plaintiff, Associated Industries Insurance Company, Inc. ("Plaintiff"), filed this action against Advanced Management Services, Inc. ("AMS I"), Advanced Management Services, Inc. II ("AMS II), and Advanced Management Payroll Services, Inc. ("AMPS")

(collectively "Defendant Entities") for breach of contract, indemnification under Florida Statutes § 440.381, and unjust enrichment;[1] against Walter Sheahan, Jr. ("Sheahan") for breach of contract (via piercing the corporate veil), indemnification under Florida Statutes § 440.381, fraud in the inducement, negligent misrepresentation, conspiracy to commit fraud in the inducement, and unjust enrichment; and against Robert Schwartz ("Schwartz") (with Sheahan, "Individual Defendants") for fraud in the inducement, negligent misrepresentation, conspiracy to commit fraud in the inducement, and unjust enrichment.

Plaintiff provided Florida workers' compensation insurance coverage for the Defendant Entities based upon applications and representations made by the Individual Defendants.  Plaintiff filed this action for unpaid premiums with respect to two workers' compensation insurance policies and for indemnification with respect to unidentified claimants who allegedly received workers' compensation benefits under

---

[1] Count I, against all Defendant Entities, alleges that AMS I and AMS II contracted with Plaintiff for coverage under a worker's compensation policy effective during the years 2008 and 2009 (the "First Policy").  Plaintiff argues AMPS is also liable under the First Policy because Defendant Sheahan represented that AMS I changed its name to AMPS.  Plaintiff claims Defendant Entities breached the First Policy, by among other things, submitting inaccurate information and unauthorized claims, and by refusing to allow a complete audit of their records.  Count II, against AMS I and AMPS, similarly claims AMS I and AMPS contracted with Plaintiff for coverage under a policy effective during the years 2009 and 2010 (the "Second Policy").  Plaintiff alleges AMS I and AMPS breached the Second Policy in a fashion similar to that alleged in reference to the First Policy.  Count III alleges all three Defendant Entities are liable under Fla. Stat. § 440.281 to indemnify Plaintiff for false claims submitted under both policies.  Lastly, Plaintiff sues all Defendant Entities in Count IX for Unjust Enrichment.

the policies, but who allegedly were not entitled to receive such benefits.

Defendant Entities move for a more definite statement, argue Plaintiff has failed to state a claim because of reliance "upon information and belief," argue Plaintiff has failed to state adequate allegations to pierce the corporate veil, and seek to strike Plaintiff's attorney's fees and punitive damages claims.

**Standard of Review**

For purposes of deciding a motion to dismiss, the Court accepts the allegations of the complaint as true and views the facts in the light most favorable to it. *See, e.g., Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). A plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981)).

## Discussion

1. **Motion for More Definite Statement**

Plaintiff's Amended Complaint contains 367 numbered paragraphs. Defendant Entities' motion for a more definite statement is directed at the fact that the first 212 paragraphs of the complaint are incorporated into each of the nine individual counts raised thereafter. Defendant Entities argue this renders the Amended Complaint "shotgun," and so confusing that it impossible to know which allegations are intended to support which claims for relief. This assertion is unfounded.

Federal Rule of Civil Procedure 12(e) provides in relevant part that: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." The propriety of granting such a motion lies completely within the sound discretion of the trial court. *Mitchell v. E-z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959). Exercise of that discretion here leads to the conclusion that Plaintiff's Amended Complaint is not so vague and ambiguous as to fall within the purview of Rule 12(e).

The Court finds the Amended Complaint relatively clear in light of the convoluted background of the case, which the Court notes, was allegedly created by the Defendants' misconduct. According to the Amended Complaint, the two Individual Defendants failed to follow corporate formalities and engaged in self-dealing and made material misrepresentations when they contracted to insure

Defendant Entities.  Plaintiff has made detailed allegations regarding the specific acts that amount to misrepresentations, breach of contract and unjust enrichment which are then affirmatively stated in the separate counts.  The allegations in the Amended Complaint support Plaintiff's causes of action, are no more confusing than seems necessary given the alleged misconduct of Schwartz and Sheahan, and the Complaint is not "shot gun," a style of complaint with which this Court is entirely familiar.  A more definite statement is not necessary to frame a responsive pleading.

2. **Failure to State a Claim**

    A.    The Use of "Upon Information and Belief"

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff is required to provide factual allegations that raise a right of relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").  To resolve a motion to dismiss, the district court "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)("*Iqbal*").  Then, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.

Defendant Entities assert that Plaintiff's excessive use of the phrase, "upon information and belief," renders valueless or faulty the 80 paragraphs in which it is used.  This is so, claim the Defendant Entities, because none of the assertions made upon information and belief are alleged to be uniquely within the Defendant Entities'

possession and control.  *See Belik v. Carlson Travel Group, Inc.*, 864 F. Supp. 2d 1302, 1306 (S.D. Fla. 2011).

The *Twombly* plausibility standard, however, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief'" where the belief is based on factual information that makes the inference of culpability plausible.  *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")  The *Twombly* Court stated that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]."  550 U.S. at 556.  The Court will not dismiss the Complaint because of the use of the term "upon information and belief" in approximately 80 out of 367 paragraphs.

B.     Piercing the Corporate Veil

Defendant Entities devote a large portion of their motion attacking what they claim is Plaintiff's attempt to pierce the corporate veil between corporations.  The Court finds no reference in Count I or Count II to mere instrumentality or alter ego, and concludes that no such theory is pled in either count, rendering this argument moot.  The allegation that Defendant Sheahan represented to Plaintiff that AMS I changed its name to AMPS is adequate at this stage of the litigation to allow Plaintiff to pursue AMPS, as a mere name change has no effect on the corporation's liabilities.

*See, e.g., Corporate Exp. Office Products, Inc. v. Phillips*, 847 So. 2d 406, 408, 415 (Fla. 2003).

    C.    Attorney's Fees Claims - Count I & II

Defendant Entities seek to strike Plaintiff's attorney's fees claims in Counts I and II because Plaintiff fails to plead a statutory or contractual basis for such a claim. Defendant Entities' motion to strike Plaintiff's demand for attorney's fees is granted. Plaintiff fails to allege or cite any applicable statute or contract provision allowing for the recovery of attorney's fees under the claims alleged in the complaint. Florida law allows the recovery of attorneys fees as damages or costs to the prevailing party only when provided for by statute or contract. *Italiano v. Jones Chemicals, Inc.*, 908 F.Supp. 904, 907 (M.D. Fla. 1995); *Florida Life Ins. Co. v. Fickes*, 613 So.2d 501, 503 (Fla. Dist. Ct. App. 1993).

    D.    Punitive Damages - Count IX

Plaintiff has requested punitive damages in Count IX, which asserts unjust enrichment against all defendants. "An action for 'unjust enrichment' exists to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity." *Golden v. Woodward*, 15 So. 3d 664, 670 (Fla. Dist. Ct. App. 2009) quoting *Henry M. Butler, Inc. v. Trizec Prop., Inc.*, 524 So.2d 710, 711 (Fla. Dist. Ct. App. 1988). The misconduct required to support a claim of punitive damages is the same conduct that is necessary to sustain a conviction for criminal manslaughter. *White*

*Constr. Co. v. Dupont*, 455 So.2d 1026, 1028 (Fla.1984) (quoting *Carraway v. Revell*, 116 So.2d 16, 22 (Fla.1959)); *In re Leli*, 420 B.R. 568, 571 (Bankr. M.D. Fla. 2009). The Court agrees with Defendant Entities that Count IX fails to set forth sufficient factual allegations to sustain a prayer for punitive damages.  The Court has already ruled in the Individual Defendants' favor on this issue in response to their motion to strike and Plaintiff's request for punitive damages in Count IX has been stricken. *Hoppe v. Hoppe*, 370 So. 2d 374, 376 (Fla. Dist. Ct. App. 1978).

3.  **Conclusion**

In accordance with the findings above, it is hereby

ORDERED AND ADJUDGED that the Motion of Defendants AMS I, AMS II & AMPS to Dismiss Plaintiff's Amended Complaint for Failure to State a Cause of Action & for More Definite Statement [DE 18] is granted in part and denied in part.  Defendants' Request for Oral Argument With Respect to Their Motions to Dismiss [DE 31] is denied.

Since the only part of the instant Motion to Dismiss that has been granted is the striking of Plaintiff's request for attorney's fees and punitive damages, there is no purpose in Plaintiff filing a Second Amended Complaint as to Defendant Entities.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of March, 2013.

                                                  KENNETH A. MARRA
                                                  United States District Judge